**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTONIO CAMPOS, 1295732,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **NO. 3:08-CV-147-N** |
| | § | |
| **RICK THALER, Director** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

**I.  Procedural Background**

Petitioner was convicted of aggravated robbery.  *State of Texas v. Campos*, No. F-

0355062-MQ (204th Jud. Dist. Ct., Dallas County, Texas, Mar. 28, 2005).  He was sentenced to

twenty-seven years and six months confinement.  On May 30, 2006, the Fifth District Court of

Appeals affirmed the conviction.  *Campos v. State*, No. 05-05-00492-CR (Tex. App. – Dallas,

May 30, 2006, pet. ref'd).  On January 31, 2007, the Court of Criminal Appeals refused

Petitioner's  petition for discretionary review.  *Campos v. State*, PDR No. 0908-06.  Petitioner

did not file a state habeas petition.

On January 24, 2008, Petitioner filed this federal petition.  He argues the trial court erred when it denied his motion for a jury instruction on the lesser included offenses of theft and robbery.

## II.  Discussion

### 1.    Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id.*

**2.      Theft Claim is Procedurally Barred**

Respondent argues Petitioner's claim that the trial court erred by denying his motion for a jury instruction on the lesser included offense of theft is procedurally barred because Petitioner failed to raise this claim in his petition for discretionary review.  The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The records reflects that Petitioner raised his jury instruction theft claim on appeal, but he failed to raise the claim in his petition for discretionary review.  Accordingly, the Texas Court of Criminal Appeals has not reviewed the claim.  The claim cannot be reviewed by a state court because it is too late to file a petition for discretionary review.  If this Court were to require Petitioner to return to state court to exhaust this claim, it would be subject to dismissal.  Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice."  *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750).  Petitioner has not shown sufficient cause for his failure to present this claim to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a

factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).  To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence.  *Id.* (citing *Schlup*, 513 U.S. at 327).  Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him.  Petitioner has not overcome the state procedural bar.  Accordingly, the procedural default doctrine bars federal habeas relief on this claim.

**3**.    **Robbery Claim is not Cognizable**

Petitioner argues the trial court erred when it failed to submit a jury instruction on the lesser included offense of robbery.  The failure to instruct a jury on a lesser included offense in a noncapital state trial is not a federal constitutional claim.  *See Creed v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998) *(citing Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988)).  Petitioner's claim should therefore be denied.

**4.  Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 be DENIED.

Signed this 25th  day of February, 2010.




_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).